UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **EMMA L. WATKINS,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. 5:09-cv-2602-CLS |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

### MEMORANDUM OPINION AND ORDER

Claimant, Emma Watkins, commenced this action on December 29, 2009, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ overlooked evidence that claimant suffered significant fatigue through the year 2007. The record does not support this argument. To the contrary, the ALJ discussed reports from claimant's oncologist that she had suffered fatigue and anemia not only through 2007, but also into 2008.[1] Accordingly, the ALJ properly and fully developed the record for the *entire* relevant period.

Claimant also argues that the ALJ improperly considered her limited daily activities. It is true that limited daily activities like those acknowledged by claimant — such as caring for personal needs, making simple meals, watching television, reading books, walking around the house and to the mailbox, quilting and sometimes attending church — do not necessarily indicate an ability to perform gainful work activity on a sustained basis for eight hours each day. Even so, claimant's daily activities were only one factor the ALJ considered in evaluating the credibility of claimant's subjective complaints of pain and fatigue. The ALJ also considered the consistency of claimant's complaints with her friend's testimony, with her history of conservative treatment, and with the other medical evidence of record. The ALJ concluded that, in light of the entire record, claimant's subjective complaints were not

---

[1] Tr. at 31-32.

entirely credible. Substantial evidence supports that conclusion.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 22nd day of November, 2010.

 /s/ Lynwood Smith
United States District Judge